

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2025
```

**February 24, 2025**

To: Honorable Margaret M. Garnett, District Judge
    United States District Court
    Southern District of New York
    40 Foley Square, Room 2102
    New York, NY 10007

        Re: *De Sangosse v. JDGU, et al.*, Case No. 23 Civ. 10771
            In Re: Corrected[1] Motion Letter to Seal Declaration and Exhibits

Honorable Margaret M. Garnett:

      Pursuant to Rule 3(iii) of the Court's Individual Practices, Standing Order 19-MC-468, and Section 6 of the Southern District of New York Electronic Case Filing Rules & Instructions, Plaintiff DE SANGOSSE AGROQUÍMICA LTDA ("De Sangosse"), seeks to file under seal C. Gallorini's Declaration in Support of De Sangosse's Motion for Partial Summary Judgment ("C. Gallorini's Declaration").

      This motion letter to seal is warranted because the exhibits to C. Gallorini's Declaration contain a copy of the financial statements of JDGU Investment LLC, Juan Diego Gonzalez, and the other defendants in this case. Additionally, one of the exhibits contains a copy of Mr. Gozalez's driver's license and a redacted copy of his social security card.

      The interest to be protected by filing under seal for these documents outweighs the presumption of public access because the Motion and exhibits contain sensitive personal financial information specific to the defendants.) *Closed Joint Stock Co. "CTC Network," v. Actava TV, Inc.*, No. 15-CV-8681 (GBD) (BCM), 2016 U.S. Dist. LEXIS 46713, 2016 WL 1364942, at *3 (S.D.N.Y. Mar. 28, 2016)    ("[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.") *N. Star IP Holdings, LLCI,* 710 F. Supp. 3d at 210 ("detailed financial information concerning a privately

---

[1] At ECF 96, De Sangosse filed its motion to seal. In the final paragraph, De Sangosse asked the Court to issue an order instructing the Clerk of Court to permanently seal ECF entries 97-98. However, only ECF contains confidential information that requires sealing. De Sangosse files this corrected motion to remove the request that ECF 98 be sealed.



BARAKAT + BOSSA     42 West Street, Brooklyn NY 11222
                               (305) 444-3114

held business, not previously disclosed to the public, will in most cases warrant confidential treatment."). Additionally, this information is not the type of information that, if sealed, will impact on the judicial process or deprive the public of needed information.

Counsel for De Sangosse has conferred with counsel for JDGU and Mr. Gonzalez, who consents to the requested relief.

For the good reasons above, Plaintiff DE SANGOSSE AGROQUÍMICA LTDA, respectfully requests this Court to enter an order (i) granting leave to file the C. Gallorini's Declaration and its exhibits, under seal (ii) instructing the Clerk of Court to permanently seal ECF entry 97, (iii) granting any other relief that this Court deems just and proper.

DATED: February 24, 2025

Respectfully,

*/s/ Cristian Gallorini*
**Cristian Gallorini, Esq.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 24, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. Copies of the foregoing document will be served on all counsel of records via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Cristian Gallorini*
**Cristian Gallorini, Esq.**

BARAKAT + BOSSA    42 West Street, Brooklyn
NY 11222
(305) 444-3114

Application DENIED without prejudice to renewal.

"The common law right of public access to judicial documents is firmly rooted in our nation's history," however, this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

Upon reviewing the exhibits to the Cristian Gallorini declaration, it is obvious that certain exhibits, such as the parties' written discovery responses (Exs. G, H, J, K), need not be filed wholly under seal, as there are only limited references to full bank account numbers, which could be redacted as appropriate. Similarly, email exchanges with non-parties to this action need not be filed wholly under seal and can be redacted as appropriate.

Further, as laid out in Rule I(D) of the Court's Individual Rules & Practices, counsel are referred to the E-Government Act of 2002, Fed. R. Civ. P. 5.2, and the Southern District of New York's ECF Privacy Policy, under which financial account numbers may be redacted, leaving the last four digits only, without prior leave from the Court. Similarly, individual financial information and PII can be redacted without prior approval from the Court.

It is hereby ORDERED that Plaintiff shall re-file, with any redactions that may be taken without leave of the Court, the Cristian Gallorini declaration and the exhibits attached thereto to comport with the aforementioned rules, as well as any motion for further redaction or targeted sealing pursuant to Rule I(D)(2)-(3), no later than **March 4, 2025**.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 96 and 98.

SO ORDERED.  Date: 2/25/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE